IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| CALVIN E. CLEMINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:13cv00047 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | By: Hon. Michael F. Urbanski |
| Commissioner of Social Security, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on June 26, 2014, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff filed objections to the report on July 10, 2014, and the Commissioner filed a response to those objections on July 22, 2014. As such, this matter is now ripe for the court's consideration. For the reasons set forth herein the court will adopt the report and recommendation in full.

I.

The report and recommendation provides a lengthy and detailed overview of the relevant procedural history, which the courts adopts and incorporates herein by reference. The most pertinent facts are as follows: Calvin E. Clemins ("Clemins") previously filed for disability on September 8, 2006. That application was ultimately denied by an Administrative Law Judge ("ALJ") by decision dated September 9, 2009. Clemins re-flied for disability in April of 2010. A second ALJ found that Clemins had "the following severe combination of impairments: posttraumatic stress

disorder, carpal tunnel syndrome, chronic obstructive pulmonary disease, anxiety, disorders of the spine, obesity, and personality disorder." R. 22. However, the ALJ determined that none of Clemins' severe impairments, alone or in combination, met or equaled any listed impairment,[1] R. 27-29, and that Clemins in fact retained a residual functional capacity to perform a "wide range of light work," subject to certain non-exertional limitations. R. 29. As such, the ALJ concluded that Clemins is not disabled under the act. R. 36. Clemins then filed the instant civil action.

## II.

Clemins has delineated seven objections to the findings and conclusions of the magistrate judge's report and recommendation. As set forth below in detail below, the court does not find any to be with merit.

**A. GAF Scores.**

Clemins first asserts that the report and recommendation should have found that the ALJ erred by failing to consider his GAF scores. He argues these scores, when taking in context with the rest of the evidence of record, demonstrate that the ALJ's conclusion that he does not met or equal a listed impairment is not supported by substantial evidence. GAF, or "Global Assessment of Functioning," scores represent a "clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders ("DSM-IV") 32 (4th ed. 2000).[2] The magistrate judge correctly noted that "a given GAF score has no direct legal or medical correlation to the severity requirements of social security

---

[1] "A 'listed impairment' is one considered by the Social Security Administration 'to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience.'" Greenway v. Astrue, No. 6:12-CV-00005, 2013 WL 4929931, at *10 n.1 (W.D. Va. Sept. 12, 2013) (quoting 20 C.F.R. § 404.1525(a)).

[2] DSM-V discontinued the use of GAF scores, in part because a lack of conceptual clarity. American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders 16 (5th ed. 2013).

2

regulations." Report and Recommendation, Dkt. No. 20, at 16-17 (quoting Powell v. Astrue, 927 F. Supp. 2d 267, 273 (W.D.N.C. 2013)). GAF scores also are merely a "snapshot of functioning at any given moment." Powell, 927 F. Supp. 2d at 273 (citation omitted). As such, the magistrate judge noted, GAF scores "may not be 'indicative of [a claimant's] long term level of functioning.'" Report and Recommendation, Dkt. No. 20, at 17 (alternation in original) (quoting Parker v. Astrue, 664 F. Supp. 2d 544, 557 (D.S.C. 2009)). Given the questionable probative value of GAF scores, it unsurprising that courts have concluded that "'the failure to reference a GAF score is not, standing alone, sufficient ground to reverse a disability determination.'" Paris v. Colvin, 7:12-CV-00596, 2014 WL 534057 (W.D. Va. Feb. 10, 2014) (internal alterations omitted) (quoting Love v. Astrue, 3:11cv014, 2011 WL 4899989, at *5 (W.D. N.C. Sept. 6, 2011). Reversal on such grounds is particularly inappropriate "where the ALJ fully evaluated the records and treatment notes upon which the GAF scores were based." Id. (citing Love, 2011 WL 4899989, at *5). The report and recommendation accurately recites this law, and Clemins makes no effort to argue otherwise.

Furthermore, Clemins' assertion that the magistrate judge incorrectly concluded that his GAF scores compel remand is unwarranted. The magistrate judge correctly concluded both that the ALJ adequately assessed the relevant evidence in his listing analysis and that the GAF scores, even taken in context with the other evidence of record, provide no basis for finding that Clemins meets or equals a listing. The ALJ fully evaluated the records and treatment notes upon which the GAF scores were based. The records and treatment notes provided the necessary context for understanding GAF scores. Cf. Powell, 927 F. Supp. 2d at 273 ("A GAF score is . . . not dispositive of anything in and of itself[.]"). The numerical scores associated with these records and treatment notes provide little if any additional information. As such, the court agrees with the report and recommendation's conclusion that the fact that ALJ did not explicitly note the numerical GAF scores provides no basis for remand.

3

### B. Identification of Treating Opinions

Clemins appears to take umbrage with the magistrate judge's comment that Clemins failed to identify the treating source opinions he alleges the ALJ gave improper weight. Clemins notes that he mentioned "the medical evidence that was not given controlling weight by the ALJ in its decision" in the fact section of his memorandum in support of his summary judgment motion. Pl.'s Objections, Dkt. No. 21, at 4. However, the entirety of the brief's argument section on the subject is as follows:

> **The Opinions and Conclusions of the Treating Health Care Providers**.
>
> The ALJ was required to give the treating sources controlling weight in determining whether Mr. Clemins meets or equals a listed impairment. 20 CFR §404.1527. Treating physicians' opinions are given controlling weight if they are supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with other substantial evidence in the record. SSR 96-5p recognizes that since a treating source is usually the best source of documentation regarding whether a clamant's [sic] impairment meets the requirements of a listed impairment, the ALJ must look to the treating source for medical evidence with which he or she can determine whether an individual's impairment meets a listing.
>
> The record is replete with the diagnoses of and treatment by Mr. Clemins' health care providers who ultimately provided letters indicating that Mr. Clemins is disabled. The record includes their assessment of Mr. Clemins' level of functioning throughout the relevant time period as identified through GAF scores which the ALJ ignored. The treating source opinions are supported by objective medical evidence and are not inconsistent with other evidence of record and should be given controlling weight. The ALJ's failure to do so was error.

Pf.'s Mem. in Supp. of Mot. for Summ J., Dkt. No. 16, at 8-9. Given this, it is plain that the magistrate judge was correct in stating that Clemins failed to specifically identify the treating source opinions he alleged that the ALJ failed to assign proper weight.

4

### C. The Opinions of Drs. Benitez and Mathis

The report and recommendation notes that "[t]he ALJ did not address either Dr. [Gary} Benitez or Dr. [William] Mathis's opinions; in fact, it appears from the record that he did not have them before him at all." Report and Recommendation, Dkt. No. 20, at 20. In a footnote, the magistrate judge further observed that:

> The parties' briefs do not explain this anomaly. More pertinently, Clemins did not assign as error the ALJ's apparent failure to consider all of these exhibits themselves. Many of the records from the first set of exhibits are duplicated in the second set of exhibits, and Clemins has not shown any prejudice from the ALJ's failure to consider any medical opinions or treatment notes found only in the first set of exhibits. Furthermore, Clemins has already had a fair hearing and decision on these records. Although the current ALJ <u>de facto</u> re-opened the earlier denial, he did take into account the prior ALJ's decision and in fact gave it significant weight on many points. (<u>See</u> R. 34.) Under these circumstances, I will not recommend remand on a basis that Clemins did not raise.

Id. at *20 n.12. Clemins now seeks to argue that the report and recommendation erred by concluded the ALJ's failure to address these opinions does not warrant remand. Setting aside the fact that Clemins never argued in his memorandum in support of summary judgment that remand was required on this grounds, the court fully agrees with the magistrate judge's explanation as to why remand on this basis is inappropriate.

### D. The Opinion of Dr. Walker on Arthritis

The report and recommendation lays out in some detail the evidence of Clemins' arthritic back condition. Report and Recommendation, Dkt. No. 20, at 30-32. The ALJ, however, treated these two issues as totally separate. Indeed, the magistrate judge found it likely that "the ALJ failed to recognize that Clemins' back problems were, at least in part, arthritic." <u>Id.</u> at 31. As a result, the ALJ did not give significant weight to a letter written by Dr. William Walker, because Dr. Walker's letter focused on Clemins' arthritis. However, the report and recommendation notes, it appears that

5

Dr. Walker intended to refer to Clemins' back problems when discussing his "arthritis." Id. at 32. The magistrate judge, however, concluded that this confusion by the ALJ does not warrant remand.

In reaching this conclusion, the report and recommendation does not, as Clemins claims, scour the record for evidence to support the Commissioner's decision or substitute the magistrate judge's judgment for that of the Commissioner. Instead, it correctly notes that the ALJ thoroughly considered the functional limitations resulting from Clemins' back impairment. The ALJ expressly found that Clemins has a severe impairment of "disorders of the spine," R. 22, a category which the magistrate judge notes encompasses arthritic as well as other spinal conditions. The ALJ found that this spinal impairment "could reasonably be expected to cause" Clemins' pain, R. 30, and gave full consideration of Clemins' back problems throughout his analysis. The magistrate judge corrected noted that "[i]n disability cases, 'the focus of the analysis is on the functional limitations caused by the impairment, not the label attached to it.'" Report and Recommendation, Dkt. No. 20, at 32 (quoting Anderson v. Colvin, 514 Fed. Appx. 756, 761 (10th Cir. 2013)). Here, the ALJ properly considered the full-range of Clemins' impairments. The ALJ did not commit any significant error by referring to Clemins' partially arthritic back problems as a "disorder of the spine" instead of "arthritis." To the extent the ALJ's labeling was imperfect, it did not impact the outcome of the Commissioner's decision.

### E. Pain Standard

Clemins argues that his "testimony about his subjective symptoms is supported by medical evidence that satisfies the pain standard, which is itself sufficient to support a finding of disability." Pl.'s Objections, Dkt. No. 21, at 6. He also asserts that the ALJ erroneously conflated his ability to attend church with the ability to engage in substantially gainful activities and placed undue weight on temporary relief Clemins received after treatment. The report and recommendation cites a portion of the ALJ's credibility analysis, which reflects that the ALJ did not simply rely upon Clemins' daily

6

activities or temporary relief after treatment – instead, the ALJ considered a host of factors, including the observation of treating medical providers that indicated exaggeration on the part of Clemins. See Report and Recommendation, Dkt. No. 20, at 35. Instead, the ALJ correctly applied the two-step pain analysis and, at the second step, properly considered the evidence as a whole in making a credibility determination. Such credibility determinations are "emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations." Dunn v. Colvin, 973 F. Supp. 2d 630, 649 (W.D. Va. 2013) (collecting cases). The ALJ's credibility determination is supported by substantial evidence, as made clear by the quoted passage in the report and recommendation, and the court will not disturb it.

### F. Testimony of Vocational Expert

Clemins also reasserts his argument that the ALJ erred in giving little weight to Dr. Benson Hecker, Ph.D., a vocational expert he hired. Clemins argues that Dr. Hecker did not render a medical opinion and thus the ALJ had no basis for assigning little weight to his opinion. The report and recommendation correctly notes that "Clemins is simply wrong" that Dr. Hecker offered no medical opinions. "Dr. Hecker's statement that 'Clemins is unable to perform any substantial gainful work activity which exists in significant numbers' reflects his lay judgment about Clemins' capacity and limitations and not just his expert opinion about the availability of work for someone with a given capacity, limitations, and vocational profile." Report and Recommendation, Dkt. No. 20, at 38. Furthermore, the weight given by the ALJ to the medical opinions upon which Dr. Hecker did rely is supported by substantial evidence. Additionally, the magistrate judge correctly notes that numerous other courts have reached the same conclusion when confronted with similar opinions from Dr. Hecker. Id. at *38 n.18 (collecting cases).

7

### G. Procedural Errors

Finally, Clemins objects to the report and recommendation's conclusion that "since administrative procedural perfection is not required [than] the numerous errors committed in this case do not justify remand." Pl.'s Objections, Dkt. No. 21, at 8. Clemins asserts that "the improper the failure to consider relevant evidence (GAF scores) which have been deemed important in evaluating a mental health condition, confusion or misunderstanding of the medical evidence resulting in the improper rejection of a treating source opinion, and the misapplication of the pain standard" all constitute substantive errors warranting reversal. Id. As the foregoing makes clear, this argument is without merit. None of these alleged errors, either alone or in combination, warrant remand.

### III.

In short, Clemins' objections are without merit. The report and recommendation correctly applies the law to the relevant facts of the case. Accordingly, the court will adopt it in full. An appropriate Order will be entered this day.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered: August 18, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge